YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* H. T. & W. McGRAW.

[63 South. 277.]

RAILROAD COMMISSION. *Rules. Interstate shipments. Delayage.*

Rule 10 of the Mississippi Railroad Commission, providing that where cars are detained in transit by being switched to some track between point of shipment, and destination, one dollar per car will be charged for each day, or fraction of a day, of delay thus caused," does not apply to interstate shipments from a point within this state where the delay was at a point outside this state.

APPEAL from the circuit court of Yazoo county.
HON. W. A. HENRY, Judge.

Suit by H. J. & W. McGraw against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes & Mayes,* for appellant.

The three reasons, on account of which we claim that the judgment of the court was erroneous, are as follows: First, the rule promulgated by the Mississippi Railroad Commission does not purport to control the handling or transmission of cars outside the state of Mississippi. There is no language in the rule from which any such intention or claim of authority on the part of the commission can be gathered or reasonably argued. It is not supposed that in promulgating the rule in question, the railroad commission intended to undertake to regulate the handling of cars outside the limits of the state, and clearly beyond their jurisdiction; nor did it make any difference that the car started on its trip within the limits of the state. If the commission had intended to follow it outside of the state by its authority, and control its handling outside of the state, it certainly would have so said, or would have so indicated by some appropriate terms in its rule.

Secondly, even if the rule had expressly provided that delayage should be imposed because of delay occurring beyond the state line, then such rule would be void, and nonenforcible, for the reason that the state legislature has nowhere authorized the railroad commission to assume such authority. The powers of the railroad commission are conferred upon it by statutes enacted by the legislature, and without such statute it has no such power, as is well settled in numerous cases in this state. There is no such statute. And, therefore, there can be no such power. The legislature never intended to authorize the railroad commission to make such a rule, and it never has so authorized it.

Third, even if there had been such a rule, and if such rule had been authorized, or attempted to be authorized, rather, by state statute then the statute itself would have been void, for the reason that it would be an undertaking to regulate interstate commerce, and to regulate it

beyond the territorial jurisdiction of the state. That this cannot be done by the legislature much less by a mere railroad commission, is well settled.

In *R. R. Co.* v. *Keystone Lbr. Yard,* 90 Miss. 391, it is true that this court did hold that the railroad commission had power to make rules about reciprocal demurrage; but in so holding this court was very careful to say that, "There is no question of interstate commerce even remotely involved in this case." 90 Miss. 404 and 406.

The supreme court of the United States, we submit, has well settled the question in the two cases of *Chicago, etc. Ry. Co.* v. *Hardiwick Elevator Co.,* 226 U. S. 426, and *Y. & M. V. R. R. Co.* v. *Greenwood Grocery Co.,* 227 U. S. decided January 20, 1913.

*Holmes & Holmes,* for appellees.

There are three grounds upon which appellant contends this case should be reversed, as follows: First, that the rule of the Mississippi Railroad Commission under conconsideration does not purport to control the handling or transmission of cars outside the state of Mississippi, and second, that if the language of the rule did so purport to control the handling or transmission of cars without the state, the commission was without power under any legislative act to promulgate such a rule, and third, even if such a rule had been promulgated by the commission under legislative authority, the legislative act by authority of which it was promulgated is unconstitutional and void as an undertaking to regulate interstate commerce.

We do not think these contentions of appellant are sound. Replying to the first contention we submit that interstate shipments are within the protection of rule number 10 of the railroad commission.

The language of the rule, like the language of rule number 1, in its application to shipments, is general, embracing by its terms, all shipments, rule number 1 has

been held by this court to apply to interstate shipments. *Yazoo & Mississippi Valley Railroad Company* v. *Greenwood Grocery Co.,* 96 Miss. 403. There can be no escape from the proposition, therefore, that rule number 10 is also applicable to interstate shipments. The language of each rule is, alike, all embracing. There is as much power in the one case as in the other, and there is as much necessity for the operation of the rule in the one case as in the other. No reason can be assigned why number 1 should, and rule number 10 should not, apply to interstate shipments. The sole limitation of the rule is that fixed by the restriction or interference with interstate commerce. If, therefore, it is established that the rule in question is not an unreasonable burden upon interstate commerce, and is therefore not an interference with interstate commerce, and then there can be no objection to the application of the rule to all cars, including not only those cars which constitute intrastate shipments, but also those cars which constitute interstate shipments and have their points of origin and destination within this state. We think we can later in this brief establish this fact, and this will therefore dispose of the first contention of the appellant.

In answer to the second contention of the appellant that the railroad commission was without power to adopt and promulgate such a rule, we submit that the power and authority of the board so to do has already been adjudicated by this court in the case of the *Yazoo & Mississippi Valley Railroad Company* v. *Keystone Lumber Yard,* 90 Miss. 391. While it is true that the court in that case stated that there was no question of interference with interstate commerce involved, it is also true as we contend, that there is in the instant case, no interference with interstate commerce, and the railroad commission had full power to adopt the rule in question, unless such rule does constitute an unwarranted interference with interstate commerce. It is, therefore, perfectly

certain that the legislative grant of power is sufficient. Since the opinion in the case referred to was written, three sessions of the legislature have been held, and the laws construed by that decision to have granted the power have not been repealed or modified. It seems that it must be conceded that the power was granted.

If the rule is applicable to interstate shipments and is within the terms of the grant of power, and we think these two propositions are beyond controversy, we come now to the question of the constitutionality of the grant of power, which question narrowly stated is, does rule number 10 so interfere with interstate commerce as that it is beyond the power of the legisalture, or its creature, the commission, to put it into operation. We do not think that this question in the case at bar is settled by the two cases of the *Chicago, etc., Railroad Co.* v. *Hardiwick Elevator Co.*, 226 U. S. 426, and the *Yazoo & Mississippi Valley Railroad Co.* v. *Greenwood Grocery Company*, 227 U. S., decided January 20, 1913, as asserted by counsel for appellant. In the case of the *Yazoo & Mississippi Valley Railroad Company* v. *Greenwood Grocery Co., supra*, which was on appeal from this court, the rule under consideration was rule number 1 of the railroad commission, and the supreme court of the United States held this rule to constitute an unreasonable burden upon interstate commerce because, "the requirement as to the delivery of cars within the short period fixed in the rule is absolute, and makes no allowance whatever for any justifiable and unavoidable cause for the failure to deliver."

The action of the state court in this case in holding this rule to be valid was based on the reasoning that the rule was in aid of, and facilitated commerce, rather than an interference with commerce. The action of the supreme court of the United States in holding the rule invalid was based on the reasoning that the rule did not take into consideration, and did not provide for, those

matters or contingencies which might be beyond the control of the company is in aid of, and greatly facilitates commerce. Similar reasoning may be found in the cases of the *Chicago, etc., Railway Co.* v. *Hardiwick Elevator Co., supra,* and *Houston & T. C. R. Co.* v. *Mayes,* 201 U. S. 329.

Rule number 10 has already been construed by this court as providing for those matters and contingencies which might be beyond the control of the railroad company. We refer to the case of the *Yazoo & Mississippi Valley Railroad Co.* v. *Keystone Lumber Yard,* 61 So. 982, wherein it is said by Mr. Justice COOK, in construing this rule, that "it was not intended to make the railroad company liable in any event where the cause of the delay was beyond the company's control. If the delay is caused by something preceding the switching of the cars, which precedent cause was beyond the control of the railroad company, and the switching of the cars is merely incidental, the rule does not apply." Under this construction, therefore, it must logically follow that rule number 10 is not an unreasonable burden upon interstate commerce. As stated in the outset of this brief, the delay in the instant case was not occasioned by anything beyond the control of the railroad company, nor in any such contention made by the appellant here.

Responding to that part of the opinion in the case of the *Chicago, etc., Railway Co.* v. *Hardiwick Elevator Co., supra,* which holds that the power of the state over the subject of interstate commerce ceased to exist when Congress by appropriate legislation exerts its authority over the subject, which case is cited by counsel for appellant in their brief, and assuming for the purpose of this argument that Congress has legislated with reference to the kind of shipment under consideration, we contend that the appellant is in no position to raise such question here, unless it can show in the case at bar that its Federal rights in respect to such shipment have been in-

vaded; or stated concretely, the appellant is in no position to raise such question here, unless it can show that in the case at bar there has been an interference with interstate commerce. As stated in *Smiley* v. *Kansas,* 196 U. S. 447, "unless appellant can show that he himself has been wrongfully included in the terms of the law, he can have no just grounds of complaint." *Grenada Lumber Co.* v. *Mississippi,* 54 Law Ed. 826. The same principle is laid down in the case of *Waters-Pierce Oil Co.* v. *Texas,* 53 Law Ed. 417, wherein it is said in an opinion delivered by Mr. Justice DAY: "We can only interfere with such legislation and judicial action of the states enforcing it, if the fines imposed are so grossly excessive as to amount to a deprivation of property without due process of law." See, also, *United States ex rel.* v. *Deleware & H. Co.,* 53 Law Ed. 852.

That in the case at bar there has been no interference with interstate commerce, we think is established beyond any controversy by the construction of rule number 10 by this court in the case of the *Yazoo & Mississippi Valley Railroad Company* v. *Keystone Lumber Yard,* 61 So. 982, and by the reasoning laid down by the supreme court of the United States in the case of the *Yazoo & Mississippi Valley Railroad Co.* v. *Greenwood Grocery Co.,* and other cases hereinbefore cited. We think it must be conceded that the rule in question is in aid of, and facilitates commerce. For these reasons, therefore, we respectfully submit that this case should be affirmed.

REED, J., delivered the opinion of the court.

Appellees brought suit to recover fourteen dollars and ninety-nine cents actual damages and sixty-five dollars delayage charges under rule 10 of the Mississippi State Railroad Commission, claimed by reason of the delay in the transmission by appellant of one car of staves, shipped from Anding, Mississippi, to New Orleans, Louisiana. The case was tried before the court, a jury being waived, upon an agreed statement of facts.

The statement shows that the shipment was made by appellees following a sale of the staves to Romoneda Bros., in New Orleans; that it was in transit for a period of seventy-five days; that the reasonable time for such transit in ten days; that, therefore, the shipment was delayed in transit for sixty-five days; that there had been a decline in the price of staves during this delay from twenty-two cents to twenty-one cents per stave; that the claim for delayage was, in accordance with the rules of the Mississippi Railroad Commission, one dollar per day for sixty-five days; that the delay in the transportation occurred at Frenier, in the state of Louisiana, a station on the line of appellant's railroad; and that no delay had occurred up to that point. The statement closes with the following: "That the issue herein submitted is whether or not the plaintiffs can recover of the defendant for delayage on a car containing an interstate shipment, where the shipping point is within the state, and the delay occurs without the state; and, if so, whether or not plaintiffs can recover both the delayage prescribed by the rules of the Mississippi Railroad Commission and their actual damages."

On the trial, appellees were required to elect whether they would claim actual damages or for delayage charges, and they elected to claim the delayage charges. Judgment was rendered by the court in favor of appellees for the sum of sixty-five dollars, the amount of delayage charges.

The part of rule 10 of the Mississippi Railroad Commission applicable in this case reads as follows: "Where cars are detained in transit by being switched to some track between point of shipment and destination, one dollar per car will be charged for each day, or fraction of a day, of delay thus caused, and no free time will in such case be allowed."

Counsel for appellant make the following statement of one of their reasons for contending that the trial court

erred in giving judgment for appellees: "The rule promulgated by the Mississippi Railroad Commission does not purport to control the handling or transmission of cars outside the state of Mississippi. There is no language in the rule from which any such intention or claim of authority on the part of the Commission can be gathered or reasonably argued. It is not to be supposed that in promulgating the rule in question, the Railroad Commission intended to undertake to regulate the handling of cars outside the limits of the state, and clearly beyond their jurisdiction; nor did it make any difference that the car started on its trip within the limits of the state. If the Commission had intended to follow it outside of the state by its authority, and control its handling outside of the state, it certainly would have so said, or would have so indicated by some appropriate terms in its rule."

We believe that counsel for appellant are correct in their contention. We do not see that the Mississippi Railroad Commission can by its rules control or regulate the handling or transmission of cars after they pass outside the limits of the state. The territory over which the Commission has jurisdiction in its demurrage and delayage rules is confined to the state of Mississippi. The court erred in rendering judgment against appellant for the delayage charges.

We note that appellees were put upon their election as to which claim they should assert on the trial of the cause, and that they have had no trial of their claim for actual damages.

*Reversed and remanded.*